J. S52007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANILO DeJESUS, | : | No. 2089 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 23, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004319-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 03, 2016**

Danilo DeJesus appeals from the June 23, 2015 aggregate judgment of sentence of 5 years' and 10 months' to 20 years' imprisonment imposed after a jury found him guilty of two counts of possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and criminal conspiracy.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> On August 4, 2014, around 11:00 [p.m.], members of the Allentown Police Department's Vice and Intelligence Unit were conducting a drug investigation in the area of American Parkway and Hamilton Street in Allentown, Pennsylvania.  A confidential informant (CI) advised officers that two males in a silver Dodge Magnum were bringing a

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and 18 Pa.C.S.A. § 903, respectively.

large quantity of heroin into Allentown from Philadelphia. The CI provided reliable information on previous occasions, which led to numerous arrests. The CI provided a description of the two males to [Detective Evan] Weaver: One was described as a bald Dominican with facial hair named Danny, and the other was described as a stocky Hispanic with dark hair and facial hair.

Officers observed a silver Dodge Magnum and a black Toyota Camry parked next to each other in front of a club at the American Parkway plaza. These were the only two vehicles in that part of the lot. There were several children running back and forth between the two vehicles. Across the street at a bus terminal, officers observed two males matching the descriptions given by the CI. The men, later identified as [appellant], and co-defendant Josue [Massa] were watching the two vehicles across the street and were talking on the phone. Both vehicles were registered out of Philadelphia. The Magnum was registered to Joseline Coss, [Messa's] wife, and the Camry was registered to co-defendant Pablo Maya-Rodriguez and an unidentified female.

[Appellant] and [Massa] walked back across the street to the Magnum, and [Massa] entered the front passenger side and [appellant] entered the rear passenger area. Ms. Coss was in the driver['s] seat of the Magnum and Maya-Rodriguez was in the driver's seat of the Camry. Officers approached the vehicles and spoke with the occupants. Maya-Rodriguez and Coss both signed a consent to search form for their respective vehicle[s]. Inside the Magnum, officers located a small, black digital scale. Inside the trunk of the Camry, officers located a gym bag containing approximately 500 grams of heroin and approximately 100 grams of cocaine.

Trial court opinion, 9/22/15 at 1-3.

On November 12, 2014, appellant was charged with multiple counts of PWID, possession of a controlled substance, and criminal conspiracy in

connection with this incident. Appellant proceeded to a jury trial on May 20, 2015, and was subsequently found guilty of the aforementioned offenses. On May 22, 2015, appellant made an oral motion for a new trial based on the weight of the evidence, which was denied by the trial court that same day. On June 23, 2015, appellant was sentenced to an aggregate term of 5 years' and 10 months' to 20 years' imprisonment. Appellant did not file any post-sentence motions. This timely appeal followed on July 9, 2015.[2]

On appeal, appellant raises the following issues for our review:

1. DID THE TRIAL COURT ERR IN FAILING TO GRANT [APPELLANT'S] REQUESTED POINT FOR CHARGE NUMBER THREE: []EVEN IF THE PROSECUTOR HAS MADE NO PROMISES, EITHER ON THE PRESENT CASE OR IN OTHER PENDING CRIMINAL MATTERS, THE WITNESS MAY HOPE FOR FAVORABLE TREATMENT FROM THE PROSECUTOR IF THE WITNESS PRESENTLY TESTIFIES IN A WAY THAT IS HELPFUL TO THE PROSECUTION[?]

2. WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE FOR THE FOLLOWING REASONS:

   A. TWO VEHICLES WERE INVOLVED IN THE ALLEGED CONTROLLED SUBSTANCE TRANSFER, NEITHER OF WHICH BELONGED TO [APPELLANT] WHO WAS MERELY A PASSENGER IN ONE OF THEM.

   B. THERE WAS NO FORENSIC EVIDENCE LINKING [APPELLANT] TO THE CONTROLLED SUBSTANCES SUCH AS FINGERPRINTS OR DNA EVIDENCE.

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

C.   THE CONTROLLED SUBSTANCES WERE NOT IN PLAIN SIGHT AND THERE WAS NO PROOF THAT [APPELLANT] EVEN KNEW OF THE EXISTENCE OF THEM.

D.   A COMMONWEALTH EXPERT WITNESS TESTIFIED THAT CELL PHONE INFORMATION IS OFTEN EVIDENCE OF CONTROLLED SUBSTANCE DEALING.  NO SUCH INFORMATION WAS FOUND IN [APPELLANT'S] CELL PHONE.

E.   THE EVIDENCE AGAINST [APPELLANT] WAS MAINLY ACCOMPLICE TESTIMONY[?]

Appellant's brief at 4-5.

Appellant first argues that the trial court erred in denying his request to give the following jury instruction with regard to the testimony of Commonwealth witnesses Josue Massa and Pablo Maya-Rodriguez:

> Even if the Prosecutor has made no promises, either on the present case or in other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testified in a way that is helpful to the Prosecution.

*Id.* at 11.

"In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1257 (Pa.Super. 2014), *appeal denied*, 104

A.3d 1 (Pa. 2014) (citation omitted). "[A] trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue." *Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa.Super. 2013).

In the instant matter, the trial court determined that appellant's requested instruction was unnecessary in light of its standard jury instructions on accomplice testimony and credibility. (Notes of testimony, 5/21/15 at 183-184, 208-210.) At the close of the evidence, the trial court instructed the jury on accomplice testimony at great length, closely mirroring Pennsylvania Suggested Standard Criminal Jury Instruction § 4.01.

> When a Commonwealth witness is an accomplice, his or her testimony has to be judged by special precautionary rules. Experience shows that an accomplice, when caught, may often try to place the blame falsely on someone else. He or she may testify falsely in the hope of obtaining favorable treatment, or for some corrupt or wicked motive. On the other hand, an accomplice may be a perfectly truthful witness. The special rules that I will give you are meant to help you distinguish between truthful and false accomplice testimony.
>
> In view of the evidence of Pablo Maya-Rodriguez and Josue Massa's criminal

involvement, you must regard them as accomplices in the crime charged and apply the special rules to their testimony.

These are special rules that apply to accomplice testimony: First, you should view the testimony of an accomplice with disfavor because it comes from a corrupt and polluted source; second, you should examine the testimony of an accomplice closely and accept it only with care and caution; third, you should consider whether the testimony of an accomplice is supported, in whole or in part, by other evidence.

Accomplice testimony is more dependable if supported by independent evidence. However, even if there is no independent supporting evidence, you may still find the defendant guilty solely on the basis of an accomplice's testimony if, after using the special rules I just told you about, you are satisfied beyond a reasonable doubt that the accomplice testified truthfully and the defendant is guilty.

Notes of testimony, 5/22/15 at 39-40.

The record further reflects that the trial court also instructed the jury on the various factors it should consider when judging the credibility of a witness, in accordance with Pennsylvania Suggested Standard Criminal Jury Instruction § 4.17. These factors included whether "the witness ha[s] any interest in the outcome of the case, bias, prejudice, or other motive that might affect his testimony." (*Id.* at 44.)

Upon review, we conclude that these instructions provided the jury with a sufficient framework to consider any possible motives Massa and Pablo Maya-Rodriguez may have had in testifying for the Commonwealth. This court has long recognized that "[t]he trial court is not required to give

every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal." **Commonwealth v. Brown**, 911 A.2d 576, 583 (Pa.Super. 2006) (citation omitted), **appeal denied**, 920 A.2d 830 (Pa. 2007). Instantly, the trial court's instructions clearly and accurately set forth the applicable law and were neither misleading nor confusing to the jury. Accordingly, appellant's claim that the trial court erred in failing to give his requested charge must fail.

Appellant next argues the trial court erred in denying his motion challenging the weight of the evidence. (Appellant's brief at 12.) Specifically, appellant avers the verdict "shocks one's sense of justice" for the following reasons:

> Two vehicles were involved in the alleged controlled substance transfer, neither of which belonged to [appellant] who was merely a passenger in one of them.
>
> There was no forensic evidence linking [appellant] to the controlled substances such as fingerprints or DNA evidence.
>
> The controlled substances were not in plain sight and there was no proof that [appellant] even knew of the existence of them.
>
> A Commonwealth expert witness testified that cell phone information is often evidence of controlled substance dealing. No such information was found in [appellant's] cell phone.
>
> The evidence against [appellant] was mainly accomplice testimony.

*Id.* at 4-5, 12-13.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009), *cert. denied*, 559 U.S. 1051 (2010) (citation omitted).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on

> the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we discern no abuse of discretion on the part of the trial court in rejecting appellant's weight claim. The record reflects that the jury in this case was fully aware of the fact that neither vehicle in this case was owned by appellant, and that there was no forensic evidence linking appellant to the narcotics found in Maya-Rodriguez's vehicle. Rather, the Commonwealth presented testimony from appellant's co-conspirators at trial to support its theory that the drugs in question belonged to appellant. Specifically, Massa testified that he and Maya-Rodriguez met up with appellant and agreed to drive him to Allentown to sell narcotics to an individual named "Peto." (Notes of testimony, 5/21/15 at 70-74.) Maya-Rodriguez further testified that it was appellant who placed the gym bag later found to contain heroin and cocaine in the trunk of his vehicle, and this contention was reiterated during the testimony of Detective Weaver. (*Id.* at 20-21, 149.) Appellant, on the contrary, testified that the narcotics found by police did not belong to him. (*Id.* at 191, 193.)

It is well settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Caban*, 60 A.3d 120, 132 (Pa.Super. 2012), *appeal denied*, 79 A.3d 1097 (Pa. 2013) (citation omitted). In the instant matter, the jury evidently found the Commonwealth witnesses credible and elected not to believe appellant's version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. *Clay*, 64 A.3d at 1055. Accordingly, appellant's weight claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2016

- 10 -